UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT TEXAS

| | | |
|---|---|---|
| American Southern Insurance Company, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| Michael Buckley d/b/a Buckley & Sons Plumbing; Shiloh Enterprises, Inc.; Cleveland Imaging and Surgical Hospital, L.L.C.; Colony Insurance Company; John Doe Insurance Company(ies) (1-10), | § § § § § § § § § | Case No. 1:09-cv-723-TH |
| Defendants. | § | |

**DEFENDANT COLONY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF AMERICAN SOUTHERN INSURANCE COMPANY'S MOTION TO DISMISS AND MOTION TO STRIKE**

TO THE HONORABLE COURT:

**COMES NOW** defendant Colony Insurance Company ("Colony"), and files its Response to Plaintiff American Southern Insurance Company's ("ASIC") Motions to Dismiss and To Strike [Dkt. No. 12], and respectfully represents:

**1.**
**Response to Motion to Dismiss – Standard**

In considering a 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Moreover, the Court must construe the factual allegations in a complaint, and all reasonable inferences therefrom, in the light most favorable to the plaintiff. A motion to dismiss must be denied unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Kapps v. Torch Offshore, Inc.,* 379 F.3d 207, 210 (5th Cir. 2004). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999).

## 2.
### Extrinsic Facts Not Permitted to Support Rule 12 (b) (6) Motion

First, the factual premise on which ASIC relies is fatally flawed.  ASIC says that "because Colony and ASIC are both participating in the defense of Michael Buckley ... in the underlying state court lawsuit, Colony also has no rights of contribution or subrogation . . ." This is an inappropriate factual basis for a 12(b)(6) motion in that it requires the Court to go outside of Colony's pleadings to make a determination of whether or not Colony has a right to bring this action.  If, as ASIC argues, there is no action for breach of contract, etc., because it is paying part of the defense costs of the insured in the underlying action, then ASIC's position requires proof that ASIC is participating in the defense of Buckley.  This means that ASIC has to impermissibly go "beyond the face of the pleadings" and produce an affidavit or other evidence showing its joint payment.

However, as this is a 12(b) motion, the Court cannot indulge ASIC's invitation to presume facts or make inferences in a light unfavorable to Colony; indeed, the contrary is the rule.  And, construing Colony's counterclaim in the light most favorable to Colony, the pleadings in and of themselves do not establish beyond doubt that the Colony can prove no set of facts in support of its claim. Here, for example, Colony could produce evidence or testimony proving that ASIC is not participating in paying defense costs to

the full extent of its obligation.  Even if ASIC could show it is paying part of the defense costs, as it claims, Colony would be entitled to recover if it could show that ASIC is contractually obligated to pay **all** of the defense costs.

The bottom line is that Colony has alleged that by its making expenditures necessary to defend Buckley, under the terms of its policy with Buckley, Colony became subrogated to the rights of Buckley against any and all persons owing Buckley a defense, including ASIC.  *See* Counterclaim, [Dkt. No. 8] at para. 5, pp. 11-12, and Exhibit 1, Colony policy, at para IV. 8, at page 12 of 16.  These rights includes Buckley's right to contractual damages for the breach and its right to recover attorney's fees incurred in the present action, which are awardable under Chapter 38 of the Texas Civil Practice & Remedies Code.  Colony has pleaded for all of these damages.  *See* Counterclaim at p. 12, paras. 4, 5, 6, and prayer.  Assuming the facts pleaded by Colony as true, as required by Rule 12(b) analysis, this is sufficient and the motion fails.

The motion is also fatally defective in that it relies on inapplicable law, as demonstrated in the following paragraphs.

### 3.
### *Mid-Continent* Does Not Apply

ASIC cites *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.* 236 S.W.3d 765, 775 (Tex. 2007), and *Trinity Universal Ins. Co. v. Employers Mutual Cas. Co.*, 586 F.Supp.2d 718 (S.D.Tex. 2008) as authority for the proposition that Colony has no right of contribution or of subrogation.  This is wrong.  *Mid-Continent* involved an underlying suit related to an automobile accident in a construction zone.  *Id.* at 768-69.  One of the defendants to the underlying suit, Kinsel Industries, was insured under two comprehensive general liability policies, one issued by Liberty Mutual Insurance

Company and one issued by Mid-Continent Insurance Company. *Id.* at 769. Liberty Mutual was also Kinsel's excess liability insurance carrier. *Id.* The insurance companies cooperatively assumed defense of the suit and neither company disputed the fact "that each owed some portion of Kinsel's defense and indemnification." *Id.* at 768, 770.

However, the companies disagreed about the settlement value of the case against Kinsel. *Id.* at 770. Ultimately, Liberty Mutual agreed to settle the claims against Kinsel for $ 1.5 million, to which Mid-Continent refused to pay more than $ 150,000, half of the $ 300,000 value Mid-Continent placed on the case against Kinsel. *Id.* Liberty Mutual paid the remaining $ 1.35 million, then filed suit to recover Mid-Continent's pro rata share of the settlement. *Id.* The Texas Supreme Court answered the certified question in the negative, finding "no right of reimbursement in the context presented." *Id.* at 777. The court specifically found Liberty Mutual had no right of contribution because the "other insurance" and "pro rata" clauses in the insurance policies created "independent contractual obligations," which meant the insurance companies did not have the "common obligation requirement of a contribution claim." *Id.* at 772.

The court further found Liberty Mutual had no right to subrogation, contractual or equitable, because Liberty Mutual could only assert those rights held by Kinsel against Mid-Continent, Kinsel had been fully indemnified, and Mid-Continent had satisfied its duty to protect the insured. *Id.* at 774-76. The court specifically noted that "Liberty Mutual paid a debt for which it too was primarily liable, thus not satisfying the traditional subrogation requirement that the subrogee pay a debt for which another was primarily liable." *Id.* at 776. *Trinity* extended the *Mid-Continent* ruling to liability insurers' duty to defend.

In order for *Mid-Continent* and *Trinity* to apply, the policies of insurance at issue must cover the same risk or loss and the insured must have been paid in full for that loss by one or more but not all of the insurers.   "Where two different policies provide coverage for a loss, the pro rata clause does not create an exception to the principle of indemnity, but rather implements that principle by eliminating the potential for double recovery by the insured. ... '[W]here there are several policies of insurance on the same risk and the insured has recovered the full amount of its loss from one or more, but not all, of the insurance carriers, the insured has no further rights against the insurers who have not contributed to its recovery. Similarly, the liability of the remaining insurers *to the insured* ceases, even if they have done nothing to indemnify or defend the insured.'" *Mid-Continent*, at 236 S.W.3d at 775 (emphasis in original), quoting *Fireman's Fund Ins. Co. v. Maryland. Cas. Co.,* 65 Cal.App.4[th] 1279, 77 Cal.Rptr.2d 296, at 305 (1998).   That is not the case here for several reasons.

**4.**

*Mid Continent* **Does Not Apply to Actions Between Consecutive Insurers**

ASIC and Colony do not cover the same losses, as required for application of *Mid-Continent*.   ASIC issued commercial general liability policy GL79555 and GL7955A, with effective dates April 28, 2004 – April 28, 2005 and April 28, 2005 - July 20, 2005.   *See* ASIC's complaint, at paragraphs 10-14. Colony, on the other hand, issued policies of insurance covering property damage occurring **after** July 20, 2005.   *See id.* at p. 6, para. 23.   *See also* Ex. 2, Colony's Declarations pages.

In Texas, liability policies only cover property damage that actually occurs within their effective dates.   So, here, if the damage claimed against Buckley began **before** July 20, 2005, it is covered by the ASIC policy, absent some other exclusion.   If it began **after**

that date, it is covered by Colony, absent some other exclusion.  ASIC and Colony are not co-insurers.[1] They issued consecutive policies, not concurrent, overlapping policies, as in *Mid-Continent* and *Trinity*.  These opinions simply do not apply to consecutive insurers. *See Maryland Cas. Co. v. Acceptance Indem. Ins. Co.*, 2009 U.S. Dist. LEXIS 105285 (W.D.Tex. May 13, 2009), in which the Court held that *Mid-Continent* does not bar a liability insurer's subrogation claims against a prior insurer of the same entity.    The Court specifically ruled that "the *Mid-Continent* holding specifically applies to co-primary insurance policies rather than two separate, consecutive insurance policies which do not provide coverage for the same claim." *Id.*, at *12-13.  Unlike the situation in *Mid-Continent*, the fundamental basis for the ruling, *i.e.*, application of the policies' "other insurance" clauses, does not bar a claim for contractual subrogation here because **"the policies at issue cannot both provide coverage for the same loss-only one company's policy was in effect at the applicable time."** *Id.*, at *13.

## 5.
### *Mid-Continent* Only Applies If The Court First Finds That Both Insurers Actually Cover the Loss

*Mid Continent* only applies where both insurers have coverage for the loss.  In *Mid-Continent*, both insurers conceded they have coverage.  Similarly, in *Trinity*, the Court adjudicated that both insurers had coverage as a prerequisite to applying *Mid-Continent*.[2]  Here, as may be seen by ASIC's Complaint [Dkt. No. 1] and Colony's

---

[1] *See, e.g., Duininck Bros., Inc. v. Howe Precast, Inc.* 2008 WL 4372709, 9 (E.D.Tex.) (E.D.Tex.,2008)("*Mid-Continent* is a narrow case, and, **even assuming that EMCC and ACIC were co-insurers in the underlying lawsuits**, it is inapplicable to the facts of this case")(emphasis added).

[2] *Trinity Universal Ins. Co. v. Employers Mutual Cas. Co.*, 586 F. Supp. 2d 718, 728 (S.D. Tex. 2008) ("Plaintiffs are entitled to declaratory judgment that EMC has a duty to defend Lacy Masonry in the underlying suit").

Answer and Counterclaim [Dkt. No. 8] both insurers **deny** they have coverage for the loss. A primary purpose of the declaratory judgment action is to decide which, if either (or, perhaps, both), provides coverage. Where coverage is contested, and has not been resolved, it is premature to consider *Mid-Continent* or *Trinity* at all. *See Lexington Ins. Co. v. Chicago Ins. Co.*, 2008 U.S. Dist. LEXIS 60629 (S.D.Tex. Aug. 8, 2008):

> Whether this case presents facts that bring it within "the context presented" in *Mid-Continent* appears to depend on whether the Lexington and Chicago policies both provide coverage for the underlying lawsuit. 236 S.W.3d at 773. The coverage issue must be addressed to resolve whether Mid-Continent precludes Lexington's reimbursement claim because Lexington and Chicago are coinsurers. The coverage issues the parties raise are Chicago's claim that it received notice of the underlying suit too late and Lexington's claim that its policy did not cover the underlying lawsuit because it requires reformation or because it provides no coverage as written.

*See also Arrowood Indem. Co. v. Gulf Underwriters Ins. Co.*, 2008 U.S. Dist. LEXIS 107779 (W.D.Tex. Dec. 19, 2008) ("[T]he Court cannot determine at this stage whether Arrowood was primarily liable for settlement of the underlying lawsuit. Rather, these are facts at issue in the instant case which would be inappropriate to examine at this juncture. In short, the facts as alleged by Arrowood, if true, would entitle Arrowood to a legal remedy. This is the standard which the Court must follow in a Rule 12(b)(6) motion; anything more would convert the instant Motion to one for summary judgment.")

Deciding whether *Mid-Continent* applies at this stage is premature. It would require an implicit decision that both policies apply to this loss -- an issue both insurers seek to have the Court address.

**6.**
**Mid-Continent Only Applies Where Insured Has Been Fully Paid**

Further, there is no proof, nor is it the case, and it certainly has not been proven to the level that Rule 12(b) requires, that Buckley has been or will be "fully paid" by Colony for its defense, as required for the *Mid-Continent* rule to apply.  This is so because the *Mid-Continent* rule was created to avoid double payment to the insured of the same obligation.  *Mid-Continent* at 236 S.W.3d at 775.  Here, Colony is defending under a reservation of rights, subject to withdrawal, and so the insured has not been fully paid, and may not be. *See* Exhibit 3.

**7.**
**Duty to Defend vs. Duty to Pay**

Finally, Colony seeks a declaration and damages with respect to the duty to defend, a separate obligation from the duty to indemnify.  The Texas Supreme Court's decision in *Mid-Continent* applies only to the duty to indemnify.   It is simply inapplicable.  The decision in *Trinity*, to the extent it applies, does reference the duty to defend, but it is presently on appeal under the United States Court of Appeals for the Fifth Circuit.  This Court should at least defer considering application of *Trinity* until the Fifth Circuit rules.

**8.**
**Insurance Code Subrogation**

Colony seeks damages for its subrogated rights to sue based on breach of contract, Chapter 38 of the Texas Civil Practice and Remedies Code, and Chapter 542 of the Texas Insurance Code.  ASIC states that "Colony is not in contractual privity with ASIC and therefore has no causes of action for breach of contract, attorney's fees or prompt payment penalties pursuant to Texas Insurance Code, Section 541.051 *et. seq.* as asserted

in paras. 5 and 6 of its counterclaim." *See* motion to dismiss [Dkt. No. 12] at p.2. Colony has dealt with its right to assert subrogation in the preceding portion of this brief.

Additional analysis is in order as respects the part of the motion concerning Colony's right to assert insurance code violations. In the first place, Colony has asserted no claim against ASIC for Insurance Code Section 541.051 (formerly Ins. Code Section 21.21). Instead, Colony asserts that it is entitled to 18% penalties plus attorney's fees for ASIC's breach of Insurance Code Section 542.051 (formerly Ins. Code Section 21.55). That statute does not require privity of contract. That statute, which is "liberally construed to promote the prompt payment of insurance claims" (*see* Section 542.054), states that an insurer which fails to notify a "claimant" in writing the acceptance or rejection of a claim not later than the 15th business day after it receives all the information it needs, or fails to pay the "claimant" within 60 days of receipt of necessary information and documents, is liable for 18% penalties plus attorney's fees. *See* Texas Insurance Code, Sections 542.056 - 058, 542.060. The term "claimant" is defined as a person making a claim. *See* Texas Ins. Code Section 542.051(3). "Claimant" does not require privity of contract. As ASIC admits, "Colony is currently defending Buckley in the underlying matter." And "on May 7, 2009, Colony tendered the matter ... to ASIC and requested it participate in the defense of Buckley."

In candor to the Court, Colony concedes that in Texas, that DTPA actions are not assignable, *PPG Indus., Inc. v. JMB/Houston Ctr. Partners Ltd.,* 146 S.W.3d 79, 92 (Tex. 2004), and that one District Court has extended this subrogation/assignment prohibition to claims based on Section 21.21 of the Insurance Code (now Section 541.). *Great American Ins. Co. v. Federal Ins. Co.* 2006 WL 2263312, at *10 (N.D.Tex. 2006).

However, the Western District of Texas has held that Insurance Code claims may be brought directly by one insurer against another, where circumstances support such a claim. *Service Casualty Ins. Co. v. The Travelers Co.* 2004 WL 2218381, at *4 (W.D.Tex. 2004). Further, the *Great American* opinion reaches its result based on the close relationship between the DTPA and former Section 21.21. Colony has not asserted any claim for relief under Section 541. Its Insurance Code claim is based on Section 542, which does not share commonality with the DTPA. Because it tendered to ASIC on May 7, 2009, as admitted, and because ASIC has not undertaken the defense and did not timely state why it will not participate in the defense, Colony is entitled to sue under Ch. 542.051 as a "claimant."

## 9.
## ASIC's 12(b)(1) Motion

Finally, ASIC asserts that "Colony's counterclaim should be dismissed pursuant to Rule 12(b)(1) because Colony has not shown that it has standing to bring any of these causes of action against ASIC or that a ripe, justiciable controversy exists between Colony and ASIC for these causes of action. Standing "is a jurisdictional question which must be resolved as a preliminary matter." *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). To have standing, one "must have suffered an 'injury in fact' -- that is, an injury which is both concrete and particular. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, a causal connection must exist between the "injury in fact" and the conduct complained of, and, third, redress of the injury must be likely rather than speculative. *Id.* at 560-61. When a challenged basis of standing is also an element of the cause of action, however, a district court should "limit the jurisdictional inquiry to facial scrutiny and reserve factual scrutiny for the merits." *Id.* More specifically, "the

proper course of action . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). Thus, if a case survives facial scrutiny, factual scrutiny should be reserved for a Rule 12(b)(6) examination. *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983). Here, Colony has established the first two (2) elements for standing. First, Colony avers that it paid defense dollars on behalf of Buckley to defend the underlying lawsuit, although it contends it is not responsible for same, and that if any insurer is, that insurer is ASIC. *See* Colony's Answer [Dkt. No. 8] at paras. 1-7, and Counterclaim at paras. 3-5 [Dkt. 8].

Second, Colony argues that it has been injured by ACIS's failure to reimburse it for monies expended on behalf of Buckley. *See* Counterclaim at paras. 3-5 [Dkt. No. 8]. As such, Colony has alleged both that it suffered an injury in fact and that this injury is casually related to ASIC's actions.

As respects the third element, redressability, it is presumed (because the half page motion contains no explanation or authority for its assertion) that ASIC refers again to *Mid-Continent.* Assuming this to be the case, the same 12(b)(1) motion was attempted on the same grounds (*Mid-Continent v. Liberty Mutual*), unsuccessfully, in *Arrowood Indem. Co. v. Gulf Underwriters Ins. Co.*, 2008 U.S. Dist. LEXIS 107779 (W.D.Tex. Dec. 19, 2008) (Thus, the challenged basis for standing -- redressability -- is an element of the declaratory judgment action -- the case or controversy at issue. Consequently, the Court engages in a facial examination of the pleadings to determine whether Arrowood has met the jurisdictional requirements. On its face, the Complaint asserts the grounds for

reimbursement and thus meets the low threshold necessary to assert redressability at this point in the analysis.") The Court denied the motion.

Here, on its face, the counterclaim asserts the grounds for reimbursement and thus meets the low threshold necessary to assert redressability at this point in the analysis. ASIC says, without authority or argument, that the issues between ASIC and Colony are not ripe or justiciable. Even if the Court deems to consider these unsupported arguments, ASIC has already admitted that "there is a real, substantial and justiciable controversy between the parties concerning their relationship with respect to insurance coverage." *See* complaint [Dkt. No. 1], p. 3, para. 7. Further, because ASIC has admitted that Colony is paying the defense costs, and has tendered defense to ASIC, and because ASIC denies a duty to fully fund the defense there is, in fact, a ripe, justiciable controversy between Colony and ASIC both for Colony's subrogated breach of contract action, Texas Insurance Code penalty action, and Chapter 38 action.

## 10.
## Motion to Strike

Citing Rule 12(f), ASIC seeks to strike Colony's counterclaim because it was filed beyond the time that the answer was due. Rule 12(f) states that upon motion made by a party, "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." ASIC does not assert any such matter was included in Colony's counterclaim. No legal authority has been cited for the proposition that Rule 12(f) says that a counterclaim may be stricken when filed with an answer beyond twenty days after service of the summons and complaint. Rule 12(a), governing the time for filing an answer, does not say this either. If ASIC had a problem with the late answer, it should have moved for a default judgment.

### 11.

ASIC also argues, "because defendant/counterclaim-plaintiff Colony Insurance Company was required to raise any counterclaim when its original answer was due, the original counterclaim and cross-claim are also untimely filed." Rule 13 governs the filing of counterclaims. It says nothing about losing the right to file a counterclaim unless it is filed with a timely-filed answer. It requires that the counterclaim be filed with the pleading responding to the original claim. *See* Rule 13(a). Colony did this. There is no authority or reason for the Court to create the draconian rule that ASIC suggests.

### 12.

Further, it should be noted that counsel for Colony contacted Catherine Hanna, counsel for ASIC, and advised that Colony would be filing an answer but needed an informal extension. This was granted as a professional courtesy. There was never any suggestion by Ms. Hanna that she would try to strike Colony's pleadings, and Colony relied on her courtesy. As no other party had answered, no Rule 26 conference had been scheduled, and no deadlines hearings or other proceedings had been scheduled, it seemed reasonable to rely on her professionalism. *See* Exhibit 4, correspondence between counsel for ASIC and counsel for Colony regarding answer.

### 13.
### Conclusion

**WHEREFORE**, Colony prays that ASIC's motion to dismiss and the motion to strike be denied, and for such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,


/s/ John C. Tollefson_____
SBN 20109400
Stephen A. Melendi
SBN 24041468
Tollefson Bradley Ball & Mitchell, LLP
2811 McKinney Avenue, Suite 250 West
Dallas TX 75204
Telephone:    214.665.0100
Facsimile:     214.665.0199

**ATTORNEYS FOR DEFENDANT
COLONY INSURANCE COMPANY**


### CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Catherine L. Hanna
Hanna & Plaut
106 E. 6th Street, Suite 600
Austin TX 78701

Constance Boaz Woods
Austin & Sparks
2974 Lookout Place, NE, Suite 200
Atlanta GA 30305-3239

Chad Wayne Etheridge
Law Offices of Etheridge & Ougrah, LLP
723 Main Street, Suite 1030
Houston TX 77002

/s/ John C. Tollefson_____

7237-117.8131.doc